O'HEARN and others, Respondents, vs. O'HEARN, Appellant, and another, Respondent.

*April 23—May 13, 1902.*

*Partition: Abatement: Wills: Construction: Devise by implication.*

1. Where the only matter in dispute between the parties to an action for partition is as to the extent of their respective interests, depending on the construction of the will of their common ancestor, that matter may be settled in the partition suit. and the fact that it has not been determined at law is not ground of abatement. *Deery v. McClintock,* 31 Wis. 195, distinguished.

2. The fact that a testator has made provision for one of his heirs in the will is not sufficient to justify the presumption that he intended that property otherwise undisposed of should go to other heirs in equal shares, or warrant the addition to the will of such words as "and the balance to my other two children," in the absence of anything in the will itself to indicate such intention.

APPEAL from an order of the circuit court for Green Lake county: GEORGE W. BURNELL, Circuit Judge. *Reversed.*

Action for partition. All parties claim title from a common ancestor, Patrick O'Hearn. In 1870 the latter made a will bequeathing all his personal property to his wife, Ellenor, during her life, and at her death one half was to go to her son, the defendant *Patrick O'Hearn.* He also devised all his real estate to his wife for life, describing it, and upon

her death one half of the same was devised to defendant *Patrick*. No mention was made of other children, and no disposition of the other half of his personal or real property was made by the will. After his death, and on June 23, 1870, his will was duly admitted to probate. He left surviving him his wife, Ellenor, and three children, the defendant *Patrick,* a daughter, the defendant *Bridget Doherty,* and a son John, as his heirs-at-law. The widow died in 1899. John died in 1879, leaving his son, the plaintiff *Dennis O'Hearn,* and a daughter, the plaintiff *Mary E. Emery,* as his heirs-at-law. The plaintiff *Elizabeth* is the wife of *Dennis*. The plaintiffs bring this action for partition of the real estate left by Patrick, Sr., alleging that the plaintiffs *Dennis* and *Mary* are entitled to one fourth of the estate as the heirs of John, their interests therein being each one eighth, the defendant *Bridget Doherty* was entitled to one fourth, and the defendant *Patrick* one half.

The defendant *Patrick,* having been adjudged mentally incompetent, appeared by his guardian, and set up as matter in abatement that the title to the land sought to be divided was in dispute, and that the rights and interests of the several parties had never been determined at law, and could not be determined in this action. He also set up the facts in relation to the will of his father, and claimed that as to one half of the estate his father died intestate; that he was entitled to one half of the land under the will, and to share equally with the other children in the other half as heir of his father. The interests in the estate were alleged to be as follows: *Dennis O'Hearn,* one twelfth; *Mary E. Emery,* one twelfth; *Bridget Doherty,* one sixth; *Patrick O'Hearn,* two thirds.

The trial court overruled the answer in abatement, and found that it was the intention of the testator, as expressed in the will, to give the defendant *Patrick* one half only of the real estate described in the will, and to give the other

half to his other children; that, in order to effectuate the
testator's intention, there should be added to the will the
words, "and the balance to my other two children." The
rights of the parties were decided on that basis, a partition
was ordered, and the usual order of reference made. Due
exceptions were filed, and the defendant *Patrick* appeals.

*John J. Wood, Jr.,* for the appellant, to the point that the
plea in abatement should have been sustained, cited *Deery v.
McClintock,* 31 Wis. 195; *Hardy v. Mills,* 35 Wis. 141;
*Tobin v. Tobin,* 45 Wis. 298; *Morse v. Stockman,* 65 Wis.
36, 43; *Ellis v. Allen,* 99 Wis. 598; *Morgan v. Mueller,* 107
Wis. 241.

For the respondent *Bridget Doherty* there was a brief by
*W. E. Cavanaugh,* and for the respondents *O'Hearn* and
*Emery* a brief by *Clark & Sarau,* and oral argument by *F. E.
Clark.* As to the construction of the will, they cited *New
England T. Co. v. Pitkin,* 163 Mass. 506, 40 N. E. 1044;
*Carney v. Kain,* 40 W. Va. 758, 23 S. E. 650; *Zimmerman
v. Hafer,* 81 Md. 347; *Turner's Appeal,* 52 Mich. 398, 18
N. W. 123; *Marion v. Williams,* 20 D. C. 20; *James v. Pru-
den,* 14 Ohio St. 253; *Gourley v. Thompson,* 2 Sneed
(Tenn.) 387; 29 Am. & Eng. Ency. of Law, 354, and cases
cited in notes; *Deadrick v. Armour,* 10 Humph. 588; Schou-
ler, Wills, §§ 476, 477, 490, 561; *Baker v. Estate of Mc-
Leod,* 79 Wis. 534; *In re Donges's Estate,* 103 Wis. 497,
500-502; 5 Field's Lawyer's Briefs, 622.

BARDEEN, J. 1. The answer in abatement was properly
overruled. The only matter in dispute was as to the interest
each was entitled to from the common ancestor. The an-
swer admitted that the other claimants had an interest in
the land. The only issue presented was as to the size of these
interests. We see no reason why the controversy may not be
determined in this action. See *Morgan v. Mueller,* 107 Wis.
241, 83 N. W. 313. The case is clearly distinguishable from

*Deery v. McClintock,* 31 Wis. 195. In that case the defendant McClintock set up a paramount title to the lands sought to be partitioned, and the court held that the remedy at law was adequate, and that where the mere legal title was the subject of controversy and in doubt it would not be adjudicated in an action for partition. Here the parties claimed title from a common ancestor. The size of the interest of each depends upon the proper construction to be given to the will which attempted to dispose of the property. The matter of the construction of the will was of cognizance in equity. The answer having admitted an absolute interest in the plaintiffs in the property, the amount or size of which depends upon the true construction of the will, we think the court had power to settle the controversy. See *Tobin v. Tobin,* 45 Wis. 298.

2. The trial court held that plaintiffs and the defendant *Bridget* took title under the will rather than as heirs-at-law of the father, and adjudged their interests upon that basis. To reach this conclusion he was obliged to hold that a devise arose to them by implication. He admitted that to so hold was perhaps "a greater stretch of implication or inference" than could be found in any of the cases. The will contained no residuary clause. The only persons named in it were his wife and the defendant *Patrick.* There is not a word or a line in it suggesting the existence of his other children. The will made a devise of the property to his wife for life, and of one half to the defendant *Patrick* on her death. There is not a hint or a suggestion in it as to the disposition of the other half. One reading the will, without knowledge as to the testator's family, would conclude at once that as to one-half of his estate the testator died intestate. So far as appears on the face of the will there is absolutely nothing to support the court's conclusions. The rule upon which a devise by implication is based is that it is raised only under

a will where the context requires it and the devise is not in
express terms. It is only admitted as a means of carrying
out what the testator appears on the whole to have really
meant, but failed somehow to express as distinctly as he
should have done. In other words, a gift by implication
must be founded upon some expressions in the will from
which such intention can be inferred. It cannot be inferred·
from an absolute silence on the subject. *Nickerson v. Bowly,*
8 Met. 424; Schouler, Wills, § 561. The probability of an
intention to make the gift implied must appear to be so
strong that an intention contrary to that which is imputed
to the testator cannot be supposed to have existed in his
mind. *Bishop v. McClelland,* 44 N. J. Eq. 450, 16 Atl. 1.

The dominating rule in construing wills is that the in-
tention of the testator is to be ascertained from the words
used, in the light of all surrounding circumstances, and that
intention given effect. *In re Donges's Estate,* 103 Wis. 497,
79 N. W. 786. The court cannot reform the will by chang-
ing its language or add provisions not written therein. It
can only construe the instrument as written. *Sherwood v.
Sherwood,* 45 Wis. 357. The trial court seems to have lost
sight of this fundamental rule. There was no reference in
the will to the testator's other children nor any suggestion
that such children were in existence. There was no attempt
to dispose of the remainder of the testator's estate, or any
expression used or hint thrown out from which any infer-
ence can be drawn as to its disposition. The cases evidently
relied upon by the court to sustain his conclusion (*Baker v.
McLeod's Estate,* 79 Wis. 534, 48 N. W. 657, and *In re
Donges's Estate,* 103 Wis. 497, 79 N. W. 786), come very
far from justifying his judgment. In both cases the court
construed the will according to the language used and the
intent of the testator as gathered therefrom, in the light of
surrounding circumstances. The presumption that a testator

does not intend to die intestate as to part of his property will aid in supporting a gift by implication when there is anything in the will itself to support it. The fact that a testator has made provision for one of his heirs in the will is not sufficient to justify the presumption that he intended that property otherwise undisposed of should go to other heirs in equal shares, in absence of anything in the will to indicate such intention. To allow such a presumption to prevail is to make a will for the testator. This the law does not permit. *Bridget* and John not having been mentioned in the will, and no words or expressions having been used therein indicating an intent to make them beneficiaries thereunder, their claim and rights depend upon the statute of descent, and their interest is only such as that statute allows. The property undisposed of by the will descended to his heirs in equal shares. This would give the plaintiffs *Dennis* and *Mary*, as heirs of their father, each one twelfth, the defendant *Bridget* one sixth, and the defendant *Patrick* one sixth, besides the interest he received under the will, or two thirds of the whole estate. The law presumes this to have been his intent from the fact that the testator made no other disposition of the one half of his estate.

Considerable emphasis is laid upon the language in the opinion in the *Donges Case*, "that there shall be added to the first paragraph of the will" certain words to complete the actual intention of the testator. The seeming inference is drawn that this court intended thereby to hold that it had power to amend the will by adding words to complete its meaning. All that was intended by the decision in that case was that the will should be so construed as if the added words had been used by the testator, and that his intention in that regard was clearly apparent from the terms of the instrument itself and the surrounding circumstances. The effort was to carry out the clear intent of the testator as evi-

denced by his will, and not to amend or change the will in any respect.

*By the Court.*—The order or judgment is reversed, and the cause is remanded with directions to enter an order or judgment fixing the rights of the parties as indicated in the opinion, and for further proceedings according to law.