# H. M. VON HOLT, TRUSTEE UNDER THE WILL OF GODFREY RHODES, DECEASED, *v.* ADA TREE RHODES WILLIAMSON AND ELLEN TREE WILLIAMSON, A MINOR.

## No. 903.

### SUBMISSION WITHOUT ACTION.

SUBMITTED MARCH 18, 1916. ·                    DECIDED MARCH 23, 1916.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TRUSTS—*gifts by implication—accumulations—resulting trusts—wills.*

A testator devised and bequeathed all his property to a trustee upon trust to pay the income thereof to his wife during the term of her natural life, and from and after her death to apply so much of the income as may be necessary for the maintenance and education of his daughter until she should attain the age of twenty-one years, also to pay to his sister-in-law the sum of $500 per annum; and if the daughter should die leaving lawful issue to pay and deliver over to such issue, if of age, the whole of the property, and if not of age, to continue to hold it, using the income therefrom for their maintenance until they should become of age, and then to deliver over the property to the issue; and after the death of the wife, sister-in-law, and daughter (if without issue), to convert the estate into money and divide the same as directed in the will.   Held, that the testator did not give the income to the daughter during her life after reaching the age of twenty-one (his wife and sister-in-law having died) by implication; that he did not intend that the income should accumulate; but that there was a resulting trust as to such income, as an undisposed of beneficial interest, in favor of the daughter as sole heir.

OPINION OF THE JUSTICES BY ROBERTSON, C.J.

(Quarles, J., dissenting.)

This is a controversy submitted upon agreed facts which involves the construction of the will of Godfrey

Rhodes, late of Honolulu, deceased.  The material parts of the instrument are as follows:

"First:  I give, devise and bequeath all of my real and personal estate both in California and in the Hawaiian Islands, to my nephew, Cecil Brown, upon the trusts, and to and for the uses and intents following, and none other, that is to say:  Upon trust to stand seized of the real property and to stand possessed of the personal property of every name and description whatsoever, and with power to my said trustee or his successor to sell and dispose of all or any of my real property situate in the County of Alameda, State of California, for such price and at such times as he or his successors may in their discretion think fit:

"1.   To pay all the rents, issues, income and profits thereof unto my wife, Nancy Rhodes, for and during the term of her natural life.  And from and after the death of my said wife

"2.   To apply so much of the income of such property as may be necessary, to the proper support, maintenance and education of my daughter, Ada Tree Rhodes, until she shall have attained the age of twenty-one years.  It is my wish that she shall be educated, and my said trustee is hereby directed to have her educated in a Catholic Convent, in the Catholic faith, during the years of her minority.

"3.   To pay to my sister-in-law, Maria Chapman, should she survive my wife, during her life, out of the income of my said estate, five hundred dollars per annum.

"4.   If my daughter, Ada Tree Rhodes, dies, leaving lawful issue, to pay over and deliver to said issue, if they be of age, the whole of said property, if not of age, to hold the same, using for their maintenance and support the income therefrom, until they be of age, and then to pay over and deliver to such child or children, lawful issue of my said daughter, the said property.

"5.   After the death of my wife, my sister-in-law and my daughter, if my daughter die, without issue, to sell all of the remainder and residue of my said estate, either at public auction, or at private sale, for cash, and pay over one-half of the proceeds thereof in equal shares to my own nieces and the nieces of my wife.

"Of the residue and remainder to dispose as follows:

"To pay to the 'Homeless Child' Charity in New York, in the United States of America, one quarter of said residue and remainder.

"To pay to the Catholic Mission in Honolulu in the Hawaiian Islands, one quarter of said residue.

"And any money still remaining in his hands, I direct my said trustee to pay to said (such) Catholic Charity in England as shall seem in his judgment to be most like the said 'Homeless Child' Charity in the said City of New York."

The agreed facts are that the testator died on September 8, 1897; that the will was duly probated; that the present trustee was appointed upon the resignation of the trustee named in the will; that Mrs. Williamson is the daughter of the testator and the only child who has survived him; that she has attained the age of twenty-one years; that Ellen Tree Williamson is the only child of Mrs. Williamson and is of the age of four years; that the wife and sister-in-law of the testator, named in the will, are both dead; and that the trustee has in his hands net income which has accrued since Mrs. Williamson attained the age of twenty-one years (and, we understand, since the death of the widow) in the sum of $487.02, which, because of his uncertainty as to the proper disposition to be made thereof, he has refused to pay over to Mrs. Williamson. The question is whether Mrs. Williamson, who has attained the age mentioned, the wife and sister-in-law of the testator having died, is entitled to receive the income accruing to the estate.

The trustee stands impartial in the controversy, but his counsel, with a view to assist the court in arriving at a correct conclusion, have argued that upon a careful examination of the will it will be found that the testator's child (Mrs. Williamson) was given the income (except that given to the sister-in-law) from the time of her reaching the age of twenty-one, after her mother's death, during her

life-time, by necessary implication. This contention has in its favor the principle that an ambiguous will should not be construed so as to take property from an heir unless the intent of the testator to do so be clear. But a gift by implication can arise only upon the language of the will and where it is such that an intention contrary to the implication cannot reasonably be found. *Chater* v. *Carter,* 22 Haw. 34, 49; *O'Hearn* v. *O'Hearn,* 114 Wis. 428; *Myrick* v. *Williamson,* 67 So. (Ala.) 273. A devise of property to A upon the death of B is a common illustration. There, by necessary implication from the language of the will, B will be held to have been given a life estate in the property. But there is not an equivalent expression in the will in hand with reference to the income of the estate. Nor was the daughter given any part of the principal. We do not find in this will any language whatever from which a gift of the income to the daughter during her life may be implied.

Counsel for Mr. Williamson, as father and natural guardian of the testator's grandchild, contends that the will contains no language to support an implied gift of the income to the daughter, that the presumption against partial intestacy applies, and that, therefore, it must be held that the income would necessarily accumulate and upon the daughter's death go to the grandchild or other beneficiary according to the terms of the will. The presumption against partial intestacy, strictly speaking, does not enter into this case since the legal title to the entire estate passed to the trustee. As against the claim of the grandchild the point is whether there was a resulting trust as to the income in question to Mrs. Williamson as the sole heir of her father. One weakness in the position taken on behalf of the grandchild lies in the fact that the will contains no express provision for or reference to an accumulation of the income, and the gift to grandchildren was of "the

property," with direction to the trustee that if they should be under age at the time of the death of their mother to use the income for their maintenance and support while minor. This is a highly important factor in view of the evidence, prominent in the will, of the differentiation existing in the mind of the testator between the corpus of the estate which he possessed and the income which was to accrue from it after his death. And it would be difficult indeed to attribute to a testator an intention to have income accumulate for grandchildren while a daughter lived for whom he had made no provision beyond that of maintenance and education until she attained the age of twenty-one years. Furthermore, the testator's daughter might not have married, or marrying, might not have had a child; and the right of a grandchild, niece, or either of the charities to take the principal of the estate was made contingent, as to a grandchild, upon its surviving its mother, and as to any niece and the charities, upon the absence of a surviving grandchild. We regard all this as sufficient to overcome the idea that the income would naturally follow the corpus of the estate as an incident thereto. The residuary provisions do not require the construction contended for by counsel. The last clause covering "any money still remaining" was intended presumably to provide for a possible lapse as to any of the bequests made in the fifth paragraph. We are unable to sustain the claim advanced on behalf of the grandchild.

There is no contention, and it is evident that none could be successfully made, that the trustee took any beneficial interest in the property or the income.

It inevitably follows from this situation that there is a resulting trust in favor of the heir. By his will the testator gave all his property to the trustee (with power to sell the land in California) to hold the same until the death respectively of his wife, sister-in-law and daughter, and,

unless there were minor grandchildren, in which event to continue to hold until they should become of age, to then dispose of it according to the directions. In the meantime, the accruing income, which the testator had in mind as distinct from the principal and subject to separate treatment, the trustee was to pay over to the widow so long as she lived, and upon her death to pay five hundred dollars a year to the sister-in-law, and if his daughter had not reached the age of twenty-one, to maintain and educate her out of it until she should arrive at that age. Then no further mention is made of the income until the possible contingency is reached of the daughter dying leaving minor children, in which event it is to be used for the maintenance and support of such minors. Though we have found no adjudicated case involving analogous facts, the principle is clearly applicable here that where property is devised or bequeathed in trust and the whole beneficial interest is not disposed of there is a resulting trust with respect to the portion undisposed of. 15 A. & E. Enc. Law (2nd ed.) 1130; 3 Pom. Eq. Jur. (3rd ed.) Sec. 1034; *Sears* v. *Hardy,* 120 Mass. 524, 541; *Skellenger* v. *Skellenger,* 32 N. J. E. 659; *Longley* v. *Longley,* L. R. 13 Eq. 133; *Davidson* v. *Foley,* 2 Bro. C. C. 203. We hold that under the events which have happened there is undisposed of income to which Mrs. Williamson, as the sole heir of her father, is entitled by way of the resulting trust.

Judgment may be entered in her favor against the trustee for the sum of $487.02.

*Frear, Prosser, Anderson & Marx* for the trustee.

*Holmes & Olson* for Ada T. R. Williamson.

*Lindsay & Lymer* for Ellen T. Williamson, a minor.

### DISSENTING OPINION OF QUARLES, J.

I concur in the conclusion of the majority that there is no implied gift of the income (accruing subsequent to

Quarles, J., dissenting.

the death of the widow and sister-in-law of the testator) to the daughter, Mrs. Williamson. I also concur in the conclusion that there is no intestacy as to such income.

I am unable to concur in the conclusion that the beneficial interest in the trust property, including income, is not fully disposed of by the will, for which reason a resulting trust arises in favor of Mrs. Williamson, the daughter, as to such income. In my opinion the testator intended to conserve the trust property, the corpus as well as the income, and for that purpose provided that after the death of his wife that only so much of such income as might be necessary should be used to support, maintain and educate his daughter, Mrs. Williamson, until she should attain the age of twenty-one years, excluding the idea that she should further participate in such income. The fourth paragraph of the will shows that the testator intended that the trust property, including the income, should be held until the death of his daughter and then distributed to her children surviving her if they then be of age, but if not adult they should be supported and maintained out of the income until of age when the property (corpus and income) should be distributed among them. In my opinion, both by operation of law and intent of the testator, found in the will, such portions of the income as are not specifically directed to be otherwise applied follow the corpus of the trust property and were intended by the testator to be finally disposed of with the corpus of such property.