Estate of Hoehl: American Surety Company and another, Appellants, vs. Hoehl, by guardian *ad litem,* and another, Respondents.

*April 3—June 18, 1923.*

*Witnesses: Privileged communication to attorney: Letter by administrator to attorney for estate: Appeal: New trial where issues not fully litigated.*

1. Under sec. 4076, Stats., providing that an attorney or counselor at law shall not be allowed to disclose a communication made to him by his client or his advice given thereon in the course of his professional employment, a letter by an administrator of an estate to his attorney concerning an inventory thereof was not privileged, as the attorney was acting in a semi-public capacity, it being his duty to serve the estate and the court as well as the administrator.

2. Where the record shows that proceedings before the county court against an administrator charged with defrauding the estate were determined without proper issues, and the court brought the proceedings to an abrupt conclusion and rendered judgment amending the inventory after denying the administrator the right to introduce competent evidence, the supreme court will reverse the judgment and grant a new trial in the interest of justice, as provided in sec. 2405m, Stats.

3. Before a person may be convicted of fraud he must be given a fair trial, and the evidence should be clear and convincing.

APPEAL from an order and a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

The appellant *Frank Carchidi* was appointed administrator with the will annexed of the estate of Christina Hoehl on the 7th of January, 1922. He gave a bond in the sum of $11,000 as such administrator, with the appellant *American Surety Company of New York* as surety. Application in writing was made to the surety company by the appellant *Carchidi* for the bond. In such application *Carchidi* stated that he was in no wise indebted to the estate, and in response to the suggestion in the application that he give a full description of the personal estate of the deceased he wrote "bonds." Shortly after *Carchidi* was appointed administrator he went on a business trip to Italy, and thereafter, on the 17th of February, 1922, the *American Surety Company* filed a petition, and on the 25th of February, 1922, secured an order from the county court preventing *Carchidi* or his agents from removing any securities belonging to the estate from a safety-deposit box in the First National Bank of Milwaukee until the further order of the court. Further hearing was adjourned until March 18, 1922, at which time the matter was adjourned until March 25th. On the 21st of March, 1922, the surety company upon petition secured an order from the county court that the safety-deposit box might be opened in the presence of the surety company and others, and contents examined, and the order further required that said *Carchidi* appear on the 25th of March with

a full list of securities in said box belonging to the estate, and show cause why he should not file his final account as executor of the estate. On the 25th of March the surety company appeared by its attorneys, Mr. Reeder and Mr. Marks, and the appellant *Carchidi* appeared in person and by his attorney, Charles Friend. *Anna Hoehl,* the chief beneficiary of said estate, also appeared and was examined by the court. The court thereupon appointed Patrick Dean as guardian *ad litem* of the said *Anna Hoehl.* It was thereupon agreed that *Carchidi* would file his inventory April 1st, and the case was adjourned until that time. On April 1st *Carchidi* filed his inventory and his resignation as executor and administrator. His resignation was accepted by the court, Attorney Charles Friend appearing for *Carchidi* and Patrick Dean for his ward, *Anna Hoehl.* The court appointed the Wisconsin Trust Company as administrator to succeed *Carchidi.* The inventory showed an estate of less than $1,000, and the court thereupon desired an examination of *Mr. Carchidi* to ascertain why a bond of $11,000 was required and given if the estate was only $1,000. The case was thereupon adjourned to April 10th. On April 10th Mr. Dean appeared for his ward and Mr. Stebbins for *Frank Carchidi.* Testimony was taken with reference to the answer of *Carchidi* and the application for bond. Attorney Reeder, in behalf of the witness, claimed that the application was a privileged communication and objected to its disclosure. Attorney Stebbins also objected to the disclosure of the application, which objections were overruled by the court. It appeared that the application for the bond was made out in the county court room, based upon information furnished by *Carchidi,* and signed by him. *Carchidi* was examined and asked what efforts he made to get information preparatory to filing his inventory of the estate and he answered—

"*A.* I went to the house and saw what kind of securities there were.

"*Q.* Mr. Poss was your attorney, was he not? *A.* Yes, sir.

"*Q.* Did you give him a list of the assets of the estate? *A.* I didn't know whether we wrote Mr. Poss or not. I remember that I asked Mr. Poss if I shall buy some of these inventory blanks and fill them out, but Mr. Poss said we should send him a list of that stuff and he would draw up the inventory.

"*Q.* Did you send him a list of the stuff in the estate from which to draw up the inventory? *A.* I don't recall. I remember talking at the office about it, but I don't know whether I did or not."

Mr. Poss testified: "I have a letter here addressed to me, with the signature of *Frank Carchidi.*"

Mr. Poss thereupon objected to testifying unless the privilege was waived by the parties, on the ground that the letter was a communication between attorney and client. Strenuous objections were made by Mr. Stebbins on behalf of *Carchidi* to the introduction of the letter. The proceeding was thereupon adjourned to April 17th for the parties to file briefs on the subject of the admissibility of the letter. The hearing was continued on April 19th, Attorney Stebbins appearing for *Carchidi.* Attorneys Reeder and Marks were present in the court room. Mr. Marks and Mr. Reeder declined to appear, Mr. Marks announcing that "we are just standing around." The court held that the letter of *Mr. Carchidi* to Mr. Poss was admissible. The letter read as follows:

"Mr. Benj. Poss,        Milwaukee, January 16, 1922.
        "120 Wisconsin St., Milwaukee, Wis.

"My dear Mr. Poss: As per your request over the telephone, I made a personal inquiry and took possession of the property left by Mrs. Christina Hoehl, deceased.

"There is household furniture and other things which to my estimation amount to about $750. There are also $300 worth of T. M. E. R. & L. bonds, and nine $1000 U. S. Liberty bonds at four and one fourth per cent. which I believe is the 4th Liberty Loan, and there is also a warranty deed covering a lot in the Union cemetery. There

was a cash balance in the Merchants & Farmers Bank of $304.50. This composes the entire estate. If you will be kind enough, please make up an inventory so that I can have this matter closed.

"Thanking you in advance for your usual prompt attention, I remain,          Yours very truly,
                                            "FRANK CARCHIDI,
FC:GM                                         · "G. M."

The evidence was concluded, and Mr. Dean, for his ward, suggested that the inventory should be amended to show $9,000 in bonds according to the letter of *Carchidi* to Mr. Poss. The amendment was granted, and the court directed that the inventory be amended to include the $9,000 in bonds. Mr. Stebbins, for *Carchidi,* objected that he had not been heard, and the court allowed him to put in testimony. He called *Carchidi* to testify in effect that he had been long acquainted with the deceased and that he had been the business agent of the deceased. He then attempted to show that he had borrowed $9,000 from her and that the debt had been assigned by the deceased to *Anna Hoehl* in her lifetime. There was nothing to show that the witness had given any security or any evidence of debt, or that the deceased had given any written evidence of assignment of the debt. Much of the testimony offered was ruled out by the court on the ground that it related to transactions with a deceased person. Witness did testify that at the time he wrote the letter to Mr. Poss, Mr. Poss was his attorney and represented him as executor of the Hoehl estate. He testified that the letter was written to Mr. Poss in the course of his professional employment. He further testified that at the time he wrote the letter he did not have in his possession as administrator of the Hoehl estate any property of any name, nature, or description which was not included and specified in the inventory. At the conclusion of the proceedings Mr. Reeder announced to the court: "I don't want it

to appear that the bonding company appears in this matter."
To which the court replied:

"Oh, no. You just enter on the record—say that Mr.
Marks is the attorney of record. He was here in court and
asked that the matter be held open until Mr. Reeder could
get up here, and the court will hold Mr. Marks was here
representing the bonding company."

The court thereupon made its findings of fact and con-
clusions of law to the effect that *Carchidi* had given a bond
in the sum of $11,000 with the *American Surety Company*
as surety, and that he had not made a true inventory of the
property coming to his hands from the estate, but had omitted
from such inventory $9,000 of Liberty bonds. The court
then ordered and adjudged that the inventory should be
amended to include the Liberty bonds.

For the appellant *American Surety Company* there was a
brief by *Upham, Black, Russell & Richardson,* and oral
argument by *C. W. Reeder,* all of Milwaukee.

*Charles Friend* of Milwaukee, for the appellant *Carchidi.*

For the respondents there was a brief by *Patrick W.
Dean,* guardian *ad litem,* and *Timlin & Dean,* of counsel,
all of Milwaukee, joined in by *Lamfrom & Tighe* of Mil-
waukee, attorneys for the estate; and the cause was argued
orally by *Mr. Dean* and *Mr. Alvin Tighe.*

The following opinion was filed May 1, 1923:

CROWNHART, J. The appellant *Carchidi* was appointed
administrator with will annexed of the estate of Christina
Hoehl by the county court of Milwaukee county. He made
a written application for an official bond of $11,000 to the
*American Surety Company,* in which he represented that
the estate consisted of "bonds." He wrote a letter to Mr.
Benjamin Poss, attorney for the estate, directing him to
make out the inventory of the property to be filed, and gave

him in the letter a list of the property in his possession belonging to the estate, which included $9,000 in Liberty bonds. Shortly after his appointment *Carchidi* left for Italy on a business trip. The appellant *American Surety Company,* his surety, became suspicious and secured an order from the county court impounding the contents of a safety-deposit box of *Carchidi* at the First National Bank, and secured an order citing *Carchidi* to show cause why he should not account for his trust and the surety company be relieved from his bond. Upon such citation *Carchidi* appeared, filed his inventory, in which the bonds referred to in the letter to the attorney did not appear, and then he filed his resignation as administrator, which was accepted by the county court. In the meantime Mr. Poss had resigned as attorney for *Carchidi,* and Mr. Stebbins appeared for him, who was later succeeded by Mr. Friend, who appeared in these proceedings as attorney for *Carchidi.*

The court proceeded to take evidence as to the accuracy of *Carchidi's* account as shown by the inventory, and at the conclusion of the evidence found that *Carchidi* had received as the property of the estate nine $1,000 Liberty bonds which he had not reported in the inventory. The court adjudged that the inventory be amended to include such bonds, and ordered *Carchidi* to turn over the property of the estate, including such bonds, to his successor, failing which the successor was ordered to bring suit against *Carchidi* and the surety company to recover the property. Both *Carchidi* and the surety company made applications upon affidavits asking for a new hearing, which were denied by the court. The appellants appealed from the judgment amending the inventory and the order denying a rehearing, assigning as errors that there was not sufficient competent evidence to justify the judgment, and claiming an abuse of discretion of the court in not granting a rehearing.

Two important questions arise in this cause for determination by this court: First, Was the letter written by *Carchidi*

to his attorney, Mr. Poss, admissible in evidence? Second, Did the appellants have a fair and impartial trial in the case? Sec. 4076, Stats. 1921, provides that

"An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment."

This statute has been interpreted by this court not to include a communication intended to be made public, or which is not confidential in its nature and not made to secure professional advice. *C. Aultman & Co. v. Ritter,* 81 Wis. 395, 51 N. W. 569; *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991; *Herman v. Schlesinger,* 114 Wis. 382, 90 N. W. 460. Moreover, it should be noted that Mr. Poss was not the appellant's private attorney. He was attorney for the administrator, in a semi-public capacity. His duty was to serve the estate and the court as well as the administrator, *Carchidi.* In his relations to the estate and the court his duties were not confidential or private. The objection to the admission of the letter in evidence was therefore untenable. Mr. Poss performed his full duty as attorney to the court and his client when he raised the objection to testifying before the court and submitted to the court's decision.

A careful review of the record discloses that the issue to be tried before the court was never properly framed, and the parties were evidently in doubt as to what the issues were and what was to be determined by the court or the effect of such determination. The result was a good deal of jockeying for position, and the court became impatient over the situation. No doubt the court felt that the estate was being defrauded, but from the whole record this court has come to the conclusion that the appellants were not fully apprised of the issues and that the issues were not fully presented on their part for that reason, and for the further reason that the court ruled out evidence that was properly offered by the defense. Before a party may be

convicted of fraud he must be given a fair trial, and the evidence should be clear and convincing. The evidence discloses that the court brought the proceedings to an abrupt conclusion after denying the offer of the appellant *Carchidi* to introduce competent evidence in his defense. While we are reluctant to grant a new trial in this matter, we feel that, judgment amending the inventory being *res adjudicata,* justice demands that the issues should be properly framed and the appellants should have a fair and impartial hearing. Sec. 2405m, Stats. 1921.

*By the Court.*—The order and judgment of the county court are reversed, and the cause remanded for further proceedings according to law.

A motion for a rehearing was denied, without costs, on June 18, 1923.