WILL OF CRAMER: FIRST WISCONSIN TRUST COMPANY,
Executor, Appellant, vs. CHAKOURAS, Respondent.

*March 14—April 8, 1924.*

*Wills: Ademption of legacies: Between relatives: Presumption:
Evidence: Declarations of testator: Res gestæ: Attorney for
testatrix as competent witness.*

1. In case of a gift to a child after a will is executed, it is pre-
   sumed that the gift, if in kind, is in ademption of the legacy
   in the will in the absence of any explanatory circumstances
   to the contrary; but such presumption does not apply in case
   of a gift to strangers to the blood.   p. 528.
2. On an executor's petition to have a bequest adjudged satisfied
   and paid by reason of a gift to the legatee by the testatrix
   after the execution of the will, the executor had the burden
   of showing that the gift to the legatee was to adeem the legacy.
   p. 528.
3. On such a petition, testimony as to the facts surrounding the
   making of the gift, including anything testatrix said or did
   at such time, is admissible, as a part of the *res gestæ,* to show
   intent; but declarations made eighteen months after the gift
   were incompetent.   p. 528.
4. Under sec. 4076, Stats., relating to communications between
   attorney and client, the attorney was incompetent to testify
   as to the reasons given him by the testatrix for the proposed
   changes in her will.   p. 529.

APPEAL from an order and a judgment of the county
court of Milwaukee county: JOHN C. KAREL, Judge. *Af-
firmed.*

This is an appeal from an order and a judgment denying
the petition of the appellant that the bequest to *Gustave
Charles Chakouras,* made by will of the decedent, be ad-
judged satisfied and paid, and adjudging that said *Chakouras*
is entitled to receive and recover said legacy.

For the appellant there was a brief by *Hoyt, Bender &
McIntyre* of Milwaukee, and oral argument by *Frank M.
Hoyt.*

For the respondent there was a brief by *Schmitz, Wild &
Gross* of Milwaukee, and oral argument by *Robert L. Wild.*

CROWNHART, J.    The decedent, Harriet L. Cramer, by her last will left a very large estate to various persons and charities, and among other bequests she provided a gift to "my employee, known as *Charles Chakouras,* of city of Milwaukee, the sum of two thousand ($2,000) dollars." The will was executed on the 30th of August, 1918.    The testatrix died on February 7, 1922.    *Chakouras* was not related to the testatrix otherwise than as an employee.  He left the employment of the testatrix on the 24th of July, 1920.    On that day the testatrix paid *Chakouras* $25 in full of services, and gave him as a gift the further sum of $2,000, taking from him a receipt reading as follows:

"I hereby acknowledge that Harriet L. Cramer has paid me in full for all services rendered to her in her place of business, the Wisconsin Printing Company, the Harriet L. Cramer and John F. Cramer Building, and in all other places where I have rendered services to her, the sum of $25 in full of all demands of every name and nature which I now have and ever have had against her.

"With grateful heart I hereby further acknowledge a gift from Harriet L. Cramer of $2,000 to assist me in establishing myself in business.

"Milwaukee, Wis., July 24, 1920.

"(Signed)    GUSTAVE CHARLES CHAKOURAS.    (Seal.)
"Witnesses:

"John W. Campsie.

"Minnie E. Stirn.

"State of Wisconsin, Milwaukee, Wis.

"Subscribed and sworn to before me this 24th day of July, 1920.                    JOHN BUETEMEISTER,
"(Notarial Seal.)                    Notary Public."

It is the contention of the appellant that the $2,000 gift to *Chakouras* in 1920 was intended to be in satisfaction and discharge of the legacy named in the will.    Testimony was taken on the hearing as to the surrounding circumstances at the time of the execution of such receipt.    From such testimony it appears that *Chakouras* had decided to go into business for himself and wished Mrs. Cramer to assist him in

setting up in business.   She offered to give him the $2,000, but he wished to have more.   She said that "the boy wanted to go in business and she had given him $2,000 for the present to get started; that he wanted more and she thought she could nòt do it at the present time, but might give him some more later on."

This statement is entirely consistent with the provision of the will.   At the time the statement was made the will provided for a gift to *Chakouras* of $2,000.   Mrs. Cramer said nothing about this provision in her will, and from the statement the inference might properly be drawn that she expected to make the gift in her will in addition to the $2,000 that she had presently made.

Mr. Frank Hoyt, an attorney, drew the will of Mrs. Cramer.   A short time before her death he was called to her house to make some changes in the will.   He testified over the objection of the respondent that Mrs. Cramer was in bed; that he went over the proposed changes in the will, and that among others she wished to revoke the legacy to *Chakouras,* and gave him instructions to that effect.   She said: "I want that changed, and that bequest stricken out, because I have paid *Charles Chakouras* his money."   ·Mr. Hoyt made a memorandum of the changes to be made, which he took to his office, after notifying Mrs. Cramer to call him when she was ready to execute the codicil.   Later he called upon her with the codicil to the will for execution and found her in a semi-comatose condition, from which she never recovered, and the changes were never made.

The objection to this testimony on the part of the appellant was on two grounds: first, that the testimony was incompetent to show the intention of the testator at the time of the payment of the $2,000 to *Chakouras,* and second, that the witness was incompetent to testify, on the ground that it was in violation of the statute prohibiting an attorney from testifying to communications from his client.   In support of the competency of such testimony appellant cites *Phillips*

*v. Chase,* 201 Mass. 444, 87 N. E. 755; *Kern v. Kern,* 154 Ind. 29, 55 N. E. 1004; *Downing's Will,* 118 Wis. 581, 95 N. W. 876.

In case of a gift to a child after a will is executed, it is presumed the gift, if in kind, is in ademption of the legacy in the will in the absence of any explanatory circumstances to the contrary. 40 Cyc. 1915; 28 Ruling Case Law, 349. But such presumption does not apply in case of a gift to strangers to the blood. 28 Ruling Case Law, 350.

Hence, in this case the burden was on the plaintiff to show that the gift to *Chakouras* was to adeem the legacy in the will, if such was the fact. The written receipt for the gift speaks from the day it was made. The facts surrounding the making of the gift were permissible as part of the *res gestæ.* Anything the testatrix said or did at the time of making the gift was competent to show intent, but what she said more than eighteen months thereafter was wholly incompetent for that purpose. *Brunn v. Schuett,* 59 Wis. 260, 271, 18 N. W. 260; *Hilton v. Rahr,* 161 Wis. 619, 623, 155 N. W. 116, and cases there cited.

We held in *Estate of Hoehl,* 181 Wis. 190, 193 N. W. 514, that an attorney might testify to communications made to him by a client, where the communications were of such a nature that they were intended to be made public, or which were not confidential in their nature. We think the rule does not go so far as to allow an attorney to testify to communications made to him with reference to the execution of a will or modification thereof. The communications might be very confidential, while the formal document would not convey any such confidence. The reasons of a testatrix why she should make changes in her will is one thing, and the formal changes in the will might be quite another thing. The reasons for the changes the testatrix might convey to her attorney in confidence, but might desire to withhold them from the public or from her heirs or legatees.

Sec. 4076, Stats., reads:

"An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment."

It is not possible to stretch the exceptions to this statute to include communications to an attorney by a client for the purpose of making a will. The will itself might be revoked and never made public. The will might not necessarily contain the communication, although the communication might be necessary to the attorney for a full understanding of the proposed will. A person making a will often reposes in his attorney his most sacred confidences. They must not be made public under the statute unless they are actually incorporated in the will and the attorney is a witness thereto. For a full discussion of the subject see *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991. We therefore hold that the attorney was incompetent to testify to the communications by his client.

*By the Court.*—The judgment of the county court is affirmed.

VINJE, C. J., dissents.