## Will of McIlhattan: McIlhattan, Administratrix, Appellant, vs. Kolman, Respondent.

*March 7—April 2; 1929.*

For the appellant there was a brief by *Levi H. Bancroft,* and oral argument by *Levi H. Bancroft* and *Blaine D. Bancroft,* both of Milwaukee.

For the respondent there was a brief by *Coppernoll & Coppernoll* of Richland Center, and oral argument by *Van R. Coppernoll.*

ESCHWEILER, J. Although the petition made by the widow, asserting her right to the half acre in controversy as intestate property, did not specifically request the court, as it very properly might have done, to modify or change the order of April 17th allowing the final account and assigning the property, nevertheless we construe that to be its effect and purpose.

Such application by the widow made in May to have reconsidered or modified the order of the preceding month was well within the period within which the same order might have been appealed from and well within a time when the court below might properly have entertained any application to correct or change its own records to conform with the facts, and the petition, therefore, was timely.

The question now presented as to the half acre was in no sense presented to or passed upon by the county court in the order brought here for review on the former appeal, 194 Wis. 113, 216 N. W. 130, although some language in the petition then presented would have warranted the trial court in then determining the present question. That order was made prior to any expression by the court as to how the real estate of the deceased should be distributed under the law, for no attempt was made by the court below to distribute or assign the property until the order of April 17, 1928, *supra,* now sought to be reviewed. The former proceedings therefore in no manner concluded the court or the parties on the question now here. The respondent, Teressa Amy Kolman, can have title to only so much and no more of the real estate of the deceased as was given her by the specific devise in the will quoted above. This clearly gave to her the west half of the northeast quarter in section 33, but just as expressly excluded from the gift of that par-

ticular half of the northeast quarter, *three acres.* The testator's expressed intention to exclude three acres from the tract is just as definite and specific as is his intention to give to her the balance of the tract. If it read, "seventy-seven acres out of the west half of the northeast quarter," it would have presented exactly the same difficulties.

Under this will, there being no provision for any possible residuum of real estate over and above the specific devises, then any undevised real estate must, under the law, descend as intestate property. *O'Hearn v. O'Hearn,* 114 Wis. 428, 431, 433, 90 N. W. 450, 58 L. R. A. 105. This is so even as against the intention or belief to the contrary of the testator when making the will. *Lawrence v. Barber,* 116 Wis. 294, 305, 93 N. W. 30.

Applying the terms of this devise to the west half of the northeast quarter of this section, which we may assume was an eighty-acre tract, the court was necessarily required to determine what land in that tract was intended by the language of the devise to be excluded from the gift. The trial court, however, by his order of April 18th, wherein he changed the description as above indicated, attempted to expressly give respondent a larger quantity of land than the devise plainly specified, for he excluded from the eighty-acre tract less than three acres, which the devise declared was to be the excluded area.

The situation clearly presented one where there was an ambiguity arising when attempting to fit the language of the will to the actual land, and information was necessary to be placed before the court to enable him to determine what was intended by the testator, and to have before him the same situation when construing as existed at the time of the drafting of the will.

As pointed out by CASSODAY, J., in *Brunn v. Schuett,* 59 Wis. 260, 262, 18 N. W. 260, before the enactment of the

statutory provisions as to a will being in writing and· the formalities necessary for its execution, parol evidence of declarations by a testator were permitted a wide range. Since then, however, the general rule is that parol declarations are not to be received to add to, take from, or change that which is expressly declared in the will, for the courts never recognized any power residing in them to make a will or to reform one. *Will of Mangan,* 185 Wis. 328, 345, 200 N. W. 386; *Will of Cramer,* 183 Wis. 525, 198 N. W. 386; *Will of Read,* 180 Wis. 497, 502, 193 N. W. 382; *Estate of Pierce,* 177 Wis. 104, 107, 188 N. W. 78 (that decision, however, clearly recognizing that the general rule has its exceptions, p. 106); *Estate of Judson,* 168 Wis. 361, 365, 170 N. W. 254; *Will of Waterbury,* 163 Wis. 510, 514, 158 N. W. 340; *Flint v. Wisconsin Trust Co.* 151 Wis. 231, 235, 138 N. W. 629 (holding that ambiguity must exist, p. 235).

Among the exceptions, however, to this general rule excluding evidence as to oral declarations by a testator are those wherein there are presented questions which cannot be settled from the language of the will itself; for instance, of the person for whom the gift was intended, or what particular property was the subject of the gift. Among the many cases that might be cited on this point and which would authorize the reception in the court below of some, if not all, of the evidence objection to which was sustained, may be cited the following: *Will of Scott,* 181 Wis. 607, 610, 195 N. W. 843, applying the designation "Old People's Home of Racine," found in the will but not found to be an existing corporation, to be intended to be the existing and known corporation, "John H. Palmeter's Old Ladies' Home." *Will of Boeck,* 160 Wis. 577, 581, 152 N. W. 155, where a devise of a forty not owned was held to give a forty not mentioned in the will which testator *did* own.

In *Hanley v. Kraftczyk,* 119 Wis. 352, 96 N. W. 820, the description in the will of lands in section 22 was held, under the oral testimony presented, to be intended to refer to lands owned in section 21; *Morgan v. Burrows,* 45 Wis. 211, 217, where oral declarations were received as to which of two possibly applicable boundary lines was the one referred to in the will.

In *Scott v. Neeves,* 77 Wis. 305, 45 N. W. 421, evidence was received of the meaning testatrix had of what was spoken of in the will as an indebtedness (p. 310); and in *Wheeler v. Hartshorn,* 40 Wis. 83, 100, proof was received as to what the testator believed the value of certain bonds in construing the manner in which payment of legacies should be made, although the admissibility of such evidence was not there discussed.

In view of the very unsatisfactory condition of the record before us as to the property involved, a sketch or map of which would have been of great aid, we shall not undertake to presently dispose of this case, or to now determine what offered evidence may or may not be admissible in clearing up the present cloud manifestly still resting upon what land in this eighty acres was intended to be included in the three acres excluded from the specific devise.

*By the Court.*—Order reversed, and cause remanded for further proceedings in accordance with this opinion.