WILL OF SCHULTZ: SCHULTZ, Respondent, vs. MIDTHLIEN and others, Appellants.

*March 9—April 12, 1949.*

*M. N. Daffinrud* of Viroqua, for the appellants.

For the respondent there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Elmer B. Mau.*

ROSENBERRY, C. J.   The record in this case is very unsatisfactory, due principally to the fact that it is evident that the proceedings were not properly reported.   However, by examination of the briefs and a study of the record we have been able to reach a decision on this appeal.

The contestants rely upon two propositions: First, that the evidence does not sustain the court's findings; and second, that prejudicial error was committed by the court in refusing to admit evidence offered by the contestants in regard to matters which occurred in 1943.

It is also urged that a new trial should have been granted but this contention is disposed of by the result that we have reached with regard to the first two contentions.

It appears from the record that in January, 1943, the testator deeded three farms, one to each of his sons, Paul, Clarence, and Roy.   Roy surrendered his claim to the farm deed to him in March, 1947, after which Otto Schultz sold the farm to his son Paul, who paid the purchase price to Roy.   Throughout the trial counsel for the contestants endeavored to get before the court evidence in relation to the transactions had in 1943. The court sustained objections to the admission of such evi-

dence. The ruling of the court in respect to the offers of evidence is assigned as error.

There is no evidence in the record, however, connecting those transactions with the execution of the will, and the court correctly excluded the evidence offered on that ground. The evidence might have been material upon the question of disposition to influence if there had been any evidence before the court which indicated that the will was the result of undue influence by the parties to the transaction had in 1943.

The almost undisputed evidence in the case is that at the time of his death the testator had property worth approximately $500. By the terms of his will all of his property was given to his wife Anna, the mother of the proponent and the contestants. It is clear that the wife and the sons suggested to the testator that he make a will. The scrivener was in doubt whether a will was necessary, but it was finally drawn and executed so that if any property remained undisposed of the matter would be settled by the will. There being no evidence that the will was procured by undue influence, testimony as to transactions had in 1943, more than four years prior to the execution of the will, was clearly immaterial.

The scrivener who drew the will had been for many years attorney for the father and was familiar with the business transactions had in 1943. He testified to the execution of the will and that at the time he believed that the testator was of sound mind and memory, and on cross-examination by counsel for the contestants he testified to the manner in which he secured the information for the drafting of the will, and so far as the record discloses there was no objection to any of this testimony on any ground. The objectors claim on this appeal that because the witness was incompetent his testimony should be stricken and for that reason there was no competent evidence offered to rebut the inferences to be drawn from the evidence offered by the objectors.

Counsel relies upon the *Will of Cramer* (1924), 183 Wis.

525, 529, 198 N. W. 386, and similar cases. Referring to the communications to counsel in that case the court said:

"They must not be made public under the statute unless they are actually incorporated in the will and the attorney is a witness thereto."

In this case the attorney was the scrivener and a witness to the will, and all the details to which the witness testified, which by any possibility might be considered as not admissible, were brought out by counsel for contestants on cross-examination.

The contentions of the objectors cannot be sustained. We find no prejudicial error.

*By the Court.*—Judgment and order appealed from are affirmed.