HENRY F. SPENCER, trustee, *vs.* CATHERINE S. ADAMS & others, executors & trustees, & others.

Suffolk. January 15, 16, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Trust*, Construction. *Devise and Legacy.* *Words,* "My surviving children," "Between," "All this property."

A testator, who at the age of seventy-five years wrote his will with his own hand, evidently intended to divide his property after the death of his wife, who was of about his age, so that, taking into account gifts which he previously had made

to some of his children and losses which he had sustained through the improvidence of a son, the result of the division would be as nearly equal as possible. One article of the will began "After my deceas" and provided that certain real estate should be held in trust for the improvident son during his life, and "at his deth all this property is to be equally devided between my surviving children" and the son's daughter. *Held,* that by the words "my surviving children" the testator meant his children surviving at his death, and by the word "between" he meant "among," and that the words "all this property" included accumulated income; so that, after the death of the son, the property and accumulated income should be divided equally *per capita* among those of the testator's children, except the son, who were surviving at the testator's death and the daughter of the son and their heirs and assigns.

PETITION, filed in the Supreme Judicial Court on September 27, 1910, by the trustee under the will of Jesse Holbrook, late of Boston, for instructions as to the construction of the seventh article of that will.

From the pleadings and an agreed statement of facts the following facts appeared:

By the first article of his will the testator provided for the care of a burial lot. In the second article he gave a diamond breast pin to his son Charles B. Holbrook and by the third article a diamond finger ring to his daughter Catherine S. Adams. The fourth article contained a legacy to a children's home. The fifth article gave to his wife the furnishings of his dwelling house and the income and management of all his property, real and personal, for her life.

By the sixth article it was provided that after the death of the testator's wife $10,000 should be given to each of his daughters Catherine S. Adams, Sarah D. Spencer and Flora A. Sawyer, and $7,000 to his daughter Mary Y. Clark, and $5,000 and the homestead were placed in trust for the testator's daughter Fanny H. Willis and her daughter Mary Jesse Willis after her death.

The seventh article is quoted in the opinion.

The eighth article was as follows: "All the rest and residue of my estate bouth real and personal property I give to my daughters Catherine S. Adams, Mary Y. Clark, Sarah D. Spencer, Fannie H. Willis and Flora A. Sawyer; Fannie H. Willis share in Trust to be paid to her as said trustee thinks advisable."

The testator wrote the will with his own hand in 1888 when he was seventy-five years old. He had had seven children, six of

whom, five daughters and a son, then were living. He died the next year leaving surviving him a wife about six months younger than himself and his six children. His wife died two and a half years later leaving the same six children surviving.

Some years before his death the testator had given his daughter Mary Y. Clark a house worth $3,000.

From June 1, 1866, to September 12, 1870, Charles B. Holbrook borrowed money of his father, Jesse Holbrook, to the amount of $25,137.03, and gave his notes therefor. The largest of these notes was for $19,539.70 and was dated June 1, 1866, and the interest thereon was paid up to January 1, 1870. The other notes were for various smaller amounts and no interest was ever paid on them. In 1871 Jesse Holbrook obtained a judgment against Charles B. Holbrook for the amount of the above indebtedness, and in the same year Charles B. Holbrook conveyed to Jesse Holbrook the land at Gray's Ferry road in Philadelphia in the State of Pennsylvania, which was then owned by Charles B. Holbrook. This conveyance was on account of the above indebtedness, and the consideration named in the deed was $21,000. The land was then vacant, and Jesse Holbrook soon afterwards built thirty-six houses on it, and Charles B. Holbrook for several years thereafter looked after this property and collected the rents, receiving compensation therefor. In September, 1872, Jesse Holbrook acquired other vacant land in Philadelphia in the State of Pennsylvania, in part payment of his son's indebtedness, the consideration recited in the deed being $4,850. After the year 1884, Jesse Holbrook employed one of his tenants in Philadelphia to look after the property and to collect the rents, because of dissatisfaction with the manner in which Charles B. Holbrook handled the property and his carelessness in regard to accounts. The above described land and the houses thereafter built thereon formed at the time of the making of the will of Jesse Holbrook and at the time of his death the trust fund which is the subject matter of this action. The notes above referred to signed by Charles B. Holbrook never were surrendered by Jesse Holbrook, but remained in his possession, without any indorsement other than the interest above stated, down to the time of his death. He never made any effort to collect them and never made any demand for their payment.

Mary Y. Clark died in 1898 and Frances H. Willis (called "Fanny" in the will) died in 1909. Charles B. Holbrook died in 1910.

Other material facts are stated in the opinion.

The case was reserved by *DeCourcy, J.,* upon the pleadings and agreed facts for determination by the full court.

*F. W. Kaan,* for Catherine S. Adams and others.

*G. A. O. Ernst,* (*L. K. Clark* with him,) for Louise B. Bigelow and others.

*J. P. Richardson,* for Florence W. Holbrook.

*C. P. Lincoln,* for Henry R. Sawyer, administrator of the estate of Walter S. Sawyer.

MORTON, J. This is a petition by the trustee under the will of Jesse Holbrook, late of Boston, for instructions as to the construction of "Article Seventh" of said will, which is as follows:

"After my deceas, I give in Trust to Henry F. Spencer all the property I own at Grayes Ferrey Road in the City of Philadelphia, Eighteen Houses on Oakford Street and Eleven houses on Latona Street and Seven Houses on Thirty first Street and all the vacant Land adjoining said Estates, with power to sell any and all of the property as he may think best and reinvest the funds in good securities. After all the bills for repairs and taxes are paid, said Trustee, will pay to my son Charles B. Holbrook out of the rents the sum of one hundred dollars per month during his life, and not to any one else, at his deth all this property is to be equally devided between my surviving children & his daughter Florance W. Holbrook." The will was drawn by the testator himself. Charles Holbrook has died and the questions are, whom did the testator mean by the words "my surviving children," and is the property to be distributed *per capita* between the surviving children and Florence or one half to the surviving children and the other half to Florence. There is also a question as to the division of income which has accumulated from the trust estate.

We are of opinion that by "my surviving children" is meant children surviving at the testator's death. That the testator had his own death in mind as the time to which the survivorship related is shown, we think, by the words "after my deceas" with

which the article begins. That distinguishes this case from *Coveny* v. *McLaughlin*, 148 Mass. 576, relied on by the children who survived at the death of Charles. A construction which limited the surviving children to those living at the death of Charles would cut off the children of those who died before Charles and would interfere with the scheme of general equality amongst his children which the testator evidently intended and which he was at some pains to work out in the previous article of the will, as appears when that article is considered in connection with the agreed facts. If the testator's death is the point of time, as we think it is, as of which the survivorship is to be determined, then taking the words "my surviving children" literally, Charles would be included. But we think that the more reasonable construction is that the testator intended to limit his bounty so far as Charles was concerned to the provision which he made for him during his life, and to give to Charles's daughter, who was his only surviving child, the share which Charles otherwise would have had in the remainder. As to Charles there was a reason for this, as shown by the agreed facts, in the manner in which he had managed the Philadelphia property, and as to the daughter, the testator may well have deemed that he was carrying out in the main his scheme of equality by putting her in her father's place in the final division.

We see nothing in the will or in the agreed facts to warrant the construction that in the final division one half is to go to the surviving children and the other half to Florence Holbrook. The words "my surviving children" include all the children who survive, and signify and describe in connection with the words "and Florence Holbrook" those amongst whom the division is to be made. Florence Holbrook shares with the surviving children and in a sense as one of them. A construction which would give her one half and the surviving children the other half would do violence to the testator's manifest intention to divide his property equally. There is no significance in the fact that the word "between" is used and not "amongst." As used here "between" has the sense of "amongst."

The words "all this property" in the article include the property with its accumulations.

The result is that the property is to be conveyed to and divided

equally amongst the testator's children, except Charles, who were living at the testator's death and Florence Holbrook, *per capita,* and their heirs and assigns.

*Decree accordingly.*