WILL OF KAUFER: FREUND and another, Appellants, vs. KAUFER and others, Executors, Respondents.

*December 10, 1930—January 13, 1931.*

For the appellants there was a brief by *L. A. Zavitovsky* and *Ben Z. Glass,* attorneys, and *H. A. Kovenock* of counsel, all of Milwaukee, and oral argument by *Mr. Kovenock* and *Mr. Glass.*

*Nathan Pereles, Jr.* of Milwaukee, for Milton E. Kaufer and others, executors, respondents.

A brief was also filed by *Patrick W. Dean* of Milwaukee, guardian *ad litem.*

WICKHEM, J. This case involves the ascertainment of the testator's intention. There is, of course, no rule of law which prohibits a testator from leaving property to illegitimates. The precise question is whether or not a devise to a child or children should be construed as describing illegitimate as well as legitimate children. While there is some conflict on this point, the overwhelming weight of authority is to the effect that "child or children" means *prima facie* legitimate children. Note 23 L. R. A. p. 754; note 27 Harvard Law Review, p. 691; note 2 A. L. R. p. 972.

In *Will of Scholl,* 100 Wis. 650, 659, 76 N. W. 616, it is said:

"Here, again, if we adopt as the sense in which the word 'children' was used the ordinary meaning attributable thereto, the illegitimate must be excluded. The description 'child,' 'son,' 'issue,' and words of that nature, includes legitimates only."

Sec. 237.06, Stats., provides:

"Every illegitimate child . . . shall in all cases be considered as heir of his mother, and shall inherit . . . her estate . . . in the same manner as if . . . born in lawful wedlock. . . . "

In commenting upon the effect of this statute on the presumption that the word "children" refers to legitimate children, the court, in *Will of Scholl, supra,* states:

"In view of it, less evidence than under the old system will sufficiently show that the intention was to include illegitimate children in giving to a class as children, the mother of the class being the inheritable blood that induced the bequest; but the existence of the policy referred to cannot do away entirely with the rule that the general term cannot include the particular class unless the intention to do so appears by necessary implication. It was not the policy of the common law alone that led to the rule. So we are not permitted to say that, the policy being changed, the rule has ceased to exist. The plain, ordinary meaning of the word still is, presumptively, legitimate children, but the inference arising from its use, unexplained, is somewhat weakened, so that evidence or circumstances of less weight than before are deemed sufficient to rebut it."

Thus it may be said to be the rule in Wisconsin that a devise to a child or children presumptively refers to legitimate rather than illegitimate children. This presumption is impaired, but not destroyed, by the statute above referred to, making the illegitimate the heir of his mother. Since the presumption is rebuttable, this case resolves itself into the question whether it has been rebutted.

It is contended by respondents that the provisions of sec. 237.06 preclude appellants from taking under the will. This section, after providing that an illegitimate shall in all cases be considered as heir of his mother, and shall under certain circumstances be considered as heir of the father, provides:

"but he shall not be allowed to claim, as representing his father or mother any part of the estate of his or her kindred,

either lineal or collateral, unless before his death he shall have been legitimated by the marriage of his parents in the manner prescribed by law."

Sec. 237.07, Stats., provides:

"Inheritance, or succession by right of representation, takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parent would have taken if living; posthumous children are considered as living at the death of their parents."

The provisions of the nineteenth clause of decedent's will, applicable to the appellants, are:

"to the children of my deceased sister Betty Kaufer Friend, to be divided equally among those living at the time of my death, including the child or children of a deceased child by *right of representation.*"

The contention is that illegitimate children cannot inherit through their mother intestate property of collateral or lineal kindred, and that this is conclusive against the appellants' right to take. The statutes involved, of course, relate to the rights of illegitimates to take by descent. The fact that the testator has used the phrase in question may lend some added force to the presumption that he intended to use the words "child or children" in its more restricted definition as referring to legitimates. The contention can have no greater force than this.

The findings of fact do not refer to or include any of the facts mentioned in paragraph seven of the petition. Paragraph seven alleges in substance that the decedent was fully cognizant, during his lifetime, of the existence of appellants and their relationship to Johanna Freund. There is no bill of exceptions and there is a dispute as to whether the facts included in paragraph seven of the petition were submitted to the court below, or considered in construing the will. This court is not satisfied that an affirmance under these circumstances will accomplish a just disposition of

this cause. If the facts alleged in paragraph seven of the petition are conceded, or if they are susceptible of proof, they are sufficient to rebut the presumption that legitimates only were intended, providing they are shown to have existed at the time of the will or its republication. It is considered that appellants should have an opportunity to make a showing of such facts in support of this paragraph as are in their possession.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.