WILL OF TOUSEY: EBERLEIN, Guardian *ad litem,* and another, Appellants, vs. TOUSEY and others, Respondents.

*November 6—December 4, 1951.*

For the appellants there were briefs by *Frederic C. Eber-lein* of Shawano, guardian *ad litem* for Leonard E. Miller,

and *E. L. Aschenbrener* of Shawano, guardian *ad litem* for Jeffrey Lee Beilke, and oral argument by *Mr. Eberlein*.

For the respondents there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *O. S. Strossenreuther*.

*Ken Traeger* of Gresham, for the respondent executor.

MARTIN, J. The question involved on this appeal is whether the two illegitimate children of the testator qualify as heirs under the provision of the will that the residuary estate is "to be divided among my heirs in the manner provided by law."

Sec. 237.06, Stats., provides:

"Every illegitimate child shall be considered as heir of the person who shall, in writing signed in the presence of a competent witness, have acknowledged himself to be the father of such child or who shall be adjudged to be such father under the provisions of chapter 166, or who shall admit in open court that he is such father, and shall in all cases be considered as heir of his mother, and shall inherit his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock. . . ."

It is undisputed that both Leonard E. Miller and Jeffrey Lee Beilke are heirs of Daniel Tousey under sec. 237.06, Stats. The record discloses that on May 14, 1938, judgment was entered in the circuit court for Door county adjudging that Daniel Tousey was the father of Leonard E. Miller, and that on November 18, 1946, judgment was entered in the circuit court for Shawano county adjudging that Daniel Tousey was the father of Jeffrey Lee Beilke. There is no doubt, therefore, that had the decedent died intestate the two illegitimate children would inherit his estate.

It is well settled that the term "heirs" means those to whom the law assigns intestate property. The presumption that

testator used the term in that meaning is overcome only by clear evidence in the context of a different intention. *Flint v. Wisconsin Trust Co.* (1912), 151 Wis. 231, 138 N. W. 629; *Will of Johnson* (1929), 199 Wis. 154, 225 N. W. 818; *Estate of Hoermann* (1940), 234 Wis. 130, 290 N. W. 608. No such intention appears in the will. The specific bequests to Hilda Hoffman, a niece, and to Mae Burr, his housekeeper, who was not a relative—the only individuals named as beneficiaries in the will—do not indicate an understanding on the part of the testator that the term "heirs" would include only his sisters and brothers and the children of deceased sisters and brothers. If he had intended to limit the distribution of his estate to such persons, he would have used the words "brothers and sisters." His illegitimate children were born previous to the execution of his will, and we may presume that when he used the word "heirs" he knew they were his heirs at law.

No cases have been cited wherein the situation is comparable to this. In *Will of Scholl* (1898), 100 Wis. 650, 76 N. W. 616, the court held that where the word "children" is used, the illegitimate must be excluded. The word "children" was likewise employed in *Will of Kaufer* (1931), 203 Wis. 299, 234 N. W. 504, where it was said that the presumption that a devise to children refers to legitimate rather than illegitimate children is impaired, though not destroyed, by sec. 237.06, Stats. The question there was whether the presumption had been rebutted, and the cause was remanded for determination of facts alleged in the petition that the testator knew the children of his sister to be illegitimate. The court held that if the facts alleged were susceptible of proof, they were sufficient to rebut the presumption that legitimates only were intended.

We have in the instant will the use of the word "heirs," not "children." Testator had no legitimate children. As we

have said, he is presumed to have known that under sec. 237.06, Stats., Leonard E. Miller and Jeffrey Lee Beilke were his heirs. The presumption to be overcome in this case is that when Daniel Tousey used the term "heirs" he meant his illegitimate children.

A will is a final and a sacred thing and unless its terms present an ambiguity, we are bound by the instrument itself.

". . . we must have ambiguity before we can enter upon the field of interpretation or construction." *Will of Moran* (1903), 118 Wis. 177, 196, 96 N. W. 367.

The offer of proof by extrinsic evidence of conversations between the testator and the scrivener was properly refused. There would be little security in the right to transfer property by will if the meaning could be changed by parol declarations of the testator to scriveners or witnesses. *Estate of Pierce* (1922), 177 Wis. 104, 188 N. W. 78, and cases there cited.

Under sec. 237.06, Stats., Leonard E. Miller and Jeffrey Lee Beilke are the heirs of Daniel Tousey and the judgment of the trial court is reversed.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment consistent with this opinion.