Estate of Liginger: Baker, Appellant, v. McBride, Executor, Respondent.*

*October 5—October 31, 1961.*

* Motion for rehearing denied, with $25 costs, on December 29, 1961.

For the appellant there was a brief and oral argument by *Ronald A. Padway* of Milwaukee.

For the respondent the cause was submitted on the brief of *George A. Burns* of Milwaukee.

DIETERICH, J.   The sole issue is whether, under the circumstances of this case, the executor takes the residue personally or in his official capacity only.

The first 10 divisions of the will bequeathed 10 specific legacies.

The Eleventh division or paragraph of the testatrix's last will and testament contains the following residuary clause:

"Eleventh: I give and bequeath to my executor and trustee hereinafter named, $250 for the purpose of securing Masses for the repose of my soul and that of my dear husband.

"After having paid the inheritance and transfer tax in connection with the above bequests I give, devise, and bequeath the rest, residue and remainder of my estate to my executor.

"My executor shall pay the sums in his hands in his sole discretion to the person or persons which I have previously indicated to him.

"I nominate and appoint as executor of this my last will and testament, John C. McBride, and I direct that no bond be required of him.

"My executor is authorized to do and perform any act deemed by him to be for the best interest of the estate without any limitation whatsoever. I give my executor and trustee the broadest powers . . ."

The executor, John C. McBride, sometimes referred to in the will as executor and trustee, is an attorney. The testimony reveals that he is the scrivener of the will, was present when it was executed, and that he had received oral instructions from the testatrix relating to disposition of the residue.

The pertinent testimony of John C. McBride relating to the residue of the estate is as follows:

"*Q*. In other words, is it your contention that the directions as to distribution were given to you orally? *A*. Of what?

"*Q*. Court: Other than as specifically stated in the will? . . . *A*. Yes.

"*Q*. So then the will did not put in writing every specific direction that Mrs. Liginger indicated, is that right? *A*. Everyone that she indicated specifically is in there.

"*Q*. And aside from that, you have some general directions that are not included in the will? *A*. Yes.

"*Q*. The two witnesses who signed as witnesses to the will knew nothing about those oral directions, did they? *A*. No, they were just witnesses to the will. . . .

"Court: Mr. McBride, have you any argument or anything to present to the court?

"Mr. McBride: I have nothing to present to the court, Your Honor, excepting that I know full well what is to be done with these funds."

The final account filed February 2, 1960, with the register of probate in Milwaukee county discloses that from the estate there was available for distribution the sum of $12,944.67. John C. McBride is listed therein as a stranger

and beneficiary entitled to the amount of $9,099.67. Thus, the scrivener and executor of the will, an attorney and no relative of the deceased, is the beneficiary of approximately 70 per cent of the estate.

If all the language of paragraph Eleventh of the will, relating to the disposition of the residue, is read together, it indicates a trust; the executor to be a conduit through which the residue is to flow to the person or persons previously indicated to the executor by the testatrix. That indication, according to the testimony, was oral. Testimony to establish what that indication was cannot be admitted, since there would be little security in the right to transfer property by testamentary devise or bequest if the meaning of the will could be changed by the parol declarations of the testator to scriveners or witnesses. *Estate of Pierce* (1922), 177 Wis. 104, 188 N. W. 78, and *Will of Tousey* (1951), 260 Wis. 150, 50 N. W. (2d) 454. The trust then fails for lack of a beneficiary.

The pertinent language of the will, "I give . . . the . . . residue . . . of my estate to my executor," does not mention the executor by name, but by title. It is possible that the executor named in the will may not be the executor in the event that the provisions of sec. 310.16, Stats.,[1] applied. Then a question arises as to who would receive the residue if a different executor had been appointed by the court.

The precatory words used in this will, "my executor shall pay," are directed to the executor and imperative in

[1] "310.16 Administration on failure of executor to qualify. If an executor refuses to accept the trust or for twenty days after the probate of the will, neglects to give bond as required, the court may grant letters testamentary to the other executors named, who are capable and will accept the trust and give bond. If all named executors neglect to qualify, if no executor is named or if those named are not legally competent, the court shall grant administration of the estate, with the will annexed, . . ."

nature. Precatory words directed to an executor indicate a trust while the same words to a devisee do not. *Newhall v. McGill* (1949), 69 Ariz. 259, 212 Pac. (2d) 764.

The executor under the facts in the instant case receives in his official capacity and not personally. See Anno. 104 A. L. R. 121, 126. *Gross v. Moore* (1893), 75 N. Y. (68 Hun) 412, 22 N. Y. Supp. 1019 (affirmed on opinion below in 1894, 141 N. Y. 559, 36 N. E. 343); *Reynolds v. Reynolds* (1918), 224 N. Y. 429, 121 N. E. 61; *Olliffe v. Wells* (1881), 130 Mass. 221.

The law does not favor the vesting of bequests of property to the executor in his official capacity where it will result in a partial intestacy. This does not overcome the weightier reasoning that unless the will clearly expresses an intention for the bequest to vest in the executor personally such a bequest is a nullity. Anno. 104 A. L. R. 114, 118, citing *Thomas v. Anderson* (8th Cir. 1917), 245 Fed. 642. It therefore necessarily follows that after the distribution of the respective legacies under the provisions of the will, the residue descends intestate.

The order and judgment assigning the residue of the estate to John C. McBride is reversed, and cause remanded for further proceedings consistent with this opinion.

*By the Court.*—The order and judgment are reversed, and the cause remanded for further proceedings consistent with this opinion.