ESTATE OF KRADWELL: GULBANKIAN, Executrix, Appellant, v. ROSS, Respondent.*

*No. 140. Argued September 4, 1969.—Decided September 30, 1969.*
(Also reported in 170 N. W. 2d 773.)

* Motion for rehearing denied, with costs, on November 25, 1969.

For the appellant there was a brief by *Gerald T. Flynn,* attorney, and *Weber, Gerard & Bonk* of counsel, all of Racine, and oral argument by *Mr. Flynn.*

For the respondent there was a brief by *La France, Thompson, Greenquist, Evans & Dye,* and *John F. Thompson* and *Adrian P. Schoone,* all of Racine, and oral argument by *Mr. Schoone.*

BEILFUSS, J.  The will of the testatrix was drafted by Attorney Vartak Gulbankian, witnessed by her and by her sister Rose Gulbankian, and named a third sister, Akabe Gulbankian, an executrix. The will directed the executrix to employ G. B. Gulbankian or Vartak Gulbankian as attorneys to probate the will. The will admitted to probate was the fifth and final will in a series drafted for testatrix by these attorneys between July 6, 1962, and April 12, 1967.

The residuary clause challenged by Mrs. Ross provides:

*"Sixteenth:* All the rest and residue and remainder of my estate I give, devise, and bequeath to my executrix hereinafter named, to distribute the same to and among my heirs, named legatees, and such other persons she may deem deserving and for benevolent objects, and to such of them and in such proportion as she shall deem just and proper, and her decision upon such matters shall be final, conclusive and binding upon all parties."

The will also makes various specific bequests to relatives and friends of the decedent, excluding the contestant, Janet Nelson Ross. Included within the specific bequests is a grant of $10,000 to Akabe Gulbankian individually and not as executrix.

The will further provided that if any legatee files objection or commences any suit to contest the will, then all legacies given to such person "shall cease, and their share of my estate shall become part of the residuary of my estate."

No testimony was taken at the hearing on the petition to construe the residuary clause but Mr. G. B. Gulbankian, attorney for the executrix Akabe Gulbankian, conceded the residuary clause did not make a gift personally to the executrix but rather created a trust for the beneficiaries named in the residuary clause.

The trial court concluded the residuary clause created a trust with the executrix named as trustee and that the

trust failed because "[t]here are no named beneficiaries to enforce the trust."

The appellant-executrix does not dispute the trial court's conclusion that the residuary clause created a trust (rather than a gift personally to the executrix) with the executrix to hold the property in a fiduciary capacity. The appellant contends that the residuary clause does identify the beneficiaries of the trust with sufficient certainty to be enforceable.

We agree with the trial court that this case is controlled by our opinion in *Estate of Liginger* (1961), 14 Wis. 2d 577, 111 N. W. 2d 407, 3 A. L. R. 3d 1376, that the residuary clause created a trust and the trust fails for want of beneficiaries who can enforce the trust.

The opinion in the *Liginger Case* provides, in part, at pages 578, 579, 580, 581, as follows:

"The first 10 divisions of the will bequeathed 10 specific legacies.

"The Eleventh division or paragraph of the testatrix's last will and testament contains the following residuary clause:

" 'Eleventh: I give and bequeath to my executor and trustee hereinafter named, $250 for the purpose of securing Masses for the repose of my soul and that of my dear husband.

" 'After having paid the inheritance and transfer tax in connection with the above bequests I give, devise, and bequeath the rest, residue and remainder of my estate to my executor.

" 'My executor shall pay the sums in his hands in his sole discretion to the person or persons which I have previously indicated to him.

" 'I nominate and appoint as executor of this my last will and testament, John C. McBride, and I direct that no bond be required of him.

" 'My executor is authorized to do and perform any act deemed by him to be for the best interest of the estate without any limitation whatsoever. I give my executor and trustee the broadest powers. . .'

" . . .

"If all the language of paragraph Eleventh of the will, relating to the disposition of the residue, is read together, it indicates a trust; the executor to be a conduit through which the residue is to flow to the person or persons previously indicated to the executor by the testatrix. That indication, according to the testimony, was oral. Testimony to establish what that indication was cannot be admitted, since there would be little security in the right to transfer property by testamentary devise or bequest if the meaning of the will could be changed by the parol declarations of the testator to scriveners or witnesses. *Estate of Pierce* (1922), 177 Wis. 104, 188 N. W. 78, and *Will of Tousey* (1951), 260 Wis. 150, 50 N. W. (2d) 454. The trust then fails for lack of a beneficiary.

". . .

"The executor under the facts in the instant case receives in his official capacity and not personally. See Anno. 104 A. L. R. 121, 126. *Gross v. Moore* (1893), 75 N. Y. (68 Hun) 412, 22 N. Y. Supp. 1019 (affirmed on opinion below in 1894, 141 N. Y. 559, 36 N. E. 343); *Reynolds v. Reynolds* (1918), 224 N. Y. 429, 121 N. E. 61; *Olliffe v. Wells* (1881), 130 Mass. 221.

"The law does not favor the vesting of bequests of property to the executor in his official capacity where it will result in a partial intestacy. This does not overcome the weightier reasoning that unless the will clearly expresses an intention for the bequest to vest in the executor personally such a bequest is a nullity. Anno. 104 A. L. R. 114, 118, citing *Thomas v. Anderson* (8th Cir. 1917), 245 Fed. 642. It therefore necessarily follows that after the distribution of the respective legacies under the provisions of the will, the residue descends intestate."

In this case the appellant contends the beneficiaries are (1) the heirs, and (2) the named legatees, and that to "such other persons" refers only to the heirs and named legatees.

We do not read the will with this limitation. The will directs the executrix ". . . to distribute the same to and among my heirs, named legatees, and such other persons she may deem deserving and for benevolent objects, and

to such of them and in such proportion as she shall deem just and proper, and her decision upon such matters shall be final . . . ."

The use of the word "other" in the phrase "such other persons" directly following "heirs" and "legatees" clearly refers to a different or separate class of unknown persons. "[A]nd for benevolent objects" creates still another unknown class of beneficiaries. The terms of the clause, to wit—"and to such of them and in such proportion as she shall deem just and proper" will allow a distribution that would completely disregard the heirs and named legatees. As such, the beneficiaries are uncertain and no one is in a position to enforce the trust. Under the *Liginger Case, supra,* the trust fails, the residuary clause is void and unenforceable, and the residue of the estate descends intestate.

*By the Court.*—Order affirmed.